(23 Misc. Rep. 77.)

MARGULIES v. DAMROSCH.

(Supreme Court, Special Term, New York County. March, 1898.)

1. COSTS—TAXATION—CONSTRUCTION OF ORDER.
   In an order of the appellate division imposing costs, a statement that they are to be taxed by the clerk "of this court" means the clerk of the supreme court.

2. SAME.
   Where the appellate division denied a motion for reargument, and imposed $10 costs, the item was enforceable independently, and required no taxation.

3. SAME—FAILURE TO PAY—STAY OF PROCEEDINGS.
   Failure of party to pay costs imposed by the appellate division on an order denying a motion for reargument operates as a stay of proceedings, under Code Civ. Proc. § 779, providing that, where costs of a motion, or any other sum of money directed to be paid, are not paid in the time stipulated, all proceedings on part of one so required are stayed until the payment thereof.

4. SAME.
   The court, in the exercise of its inherent power, may suspend proceedings until questions of costs are disposed of.

Action by Leon Margulies against Walter Damrosch. On motion for retaxation of costs.

Louis Hicks, for plaintiff.
Julius Lehmann, for defendant.

FREEDMAN, J. The order of the appellate division, dated January 21, 1898, denying plaintiff's motion for a reargument, imposes $10 costs upon the plaintiff. No disbursements were granted. The order contains no authority to the clerk to tax the costs, and none

was necessary. The order is sufficient in itself. The order of the appellate division, dated December 31, 1897, reverses the order denying the defendant's motion for a commission, with $10 costs and disbursements to be taxed by the clerk of this court. This required a taxation, and the clerk was designated as the taxing officer. Outside of the power thus conferred, the clerk had no authority. The clerk referred to was the clerk of the supreme court, and not the clerk of the appellate division thereof. According to the true intent and meaning of the order and the usual practice the taxation properly took place before the county clerk, who is the clerk of the supreme court. It then remains to be seen whether any error was committed in the taxation.

The clerk, in making the taxation under the order of December 31, 1897, erred by allowing the $10 allowed as costs granted by the appellate division in the order of January 21, 1898, denying plaintiff's motion for a reargument, because they required no taxation and were enforceable as an independent item. He also erred by allowing a number of items as necessary disbursements on the reargument, because they were incurred subsequently; and, presumably, were compensated for by the order of January 21, 1898, which allowed $10 costs, but no disbursements. The taxation must, therefore, be set aside, and a new taxation ordered by the clerk upon such papers as both parties may see fit to place before him, and upon such new taxation only such items should be allowed as are shown to have been costs and necessary disbursements within the meaning of the order of the appellate division of December 31, 1897.

Inasmuch as, according to the admissions contained in the affidavit of plaintiff's attorney, a copy of the order of December 31, 1897, was served on him on January 18, 1898, and a copy of the order of January 21, 1898, was served on him January 28, 1898, and the costs and disbursements granted by said orders have not been paid, although plaintiff's attorney tendered the $10 costs imposed by the second order, the next inquiry is whether the nonpayment of the costs and disbursements imposed by the order of December 31, 1897, operated, under section 779 of the Code of Civil Procedure, as a stay of plaintiff's proceedings after the expiration of 10 days after the service of a copy of said order. That section does not apply to motion costs only. In 1884 it was amended so as to cover any other sum of money directed by an order to be paid. This seems broad enough to cover the case at bar. But, even if this were otherwise, the case is one in which the court, in the exercise of its inherent power, should, on defendant's motion, postpone the settlement of the interrogatories and cross interrogatories until the question of costs, etc., has been disposed of. I shall therefore refrain from settling the interrogatories and cross interrogatories. After the retaxation of the costs and disbursements hereby ordered to be retaxed, and payment of all costs and disbursements then in arrears, the plaintiff may again move for a settlement of the interrogatories and cross interrogatories.

Ordered accordingly.